FILED

2017 Jun-07 PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

2017 JUN -7 P 3: 38

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| DEMARGIONA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: |
| | ) | CV-17 |
| COOSA VALLEY MEDICAL | ) | JURY DEMAND |
| CENTER, | ) | |
| | | **1:17-cv-00958-VEH** |
| Defendant. | | |

# COMPLAINT

## I.   JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to the Act of Congress known as 28 U.S.C. §§1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e *et seq*., the "Civil Rights Act of 1991" and 42 U.S.C. §1981.   The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000 *et seq*. providing for injunctive and other relief against race and retaliation in employment.

2.     The plaintiff timely filed her charge of race discrimination with the

1

Equal Employment Opportunity Commission (EEOC) within 180 days after the last act of discriminatory treatment. The plaintiff further filed her race suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

3.     Plaintiff claims under §1981 are being filed within two years of the retaliatory treatment, i.e., termination.

## II.   PARTIES

4.     Plaintiff, Demargiona Smith, is an African-American citizen of the United States and a resident of the State of Alabama. At all times relevant to this lawsuit, the plaintiff was employed by the defendant at its Sylacauga, Alabama location.

5.     Defendant, Coosa Valley Medical Center (hereinafter "CVMC" or "Defendant"), is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq*. and 42 U.S.C. §1981.

## III.   CAUSE OF ACTION

### A.   RACE DISCRIMINATION

6.     The plaintiff re-alleges and incorporates by reference paragraphs 1-5 with the same force and effect as if fully set out in specific detail hereinbelow.

7.     The plaintiff was hired by the Defendant on October 21, 2013 as a

Certified Nursing Assistant.

8.     At all times while the plaintiff was employed with the Defendant, she performed her job duties and responsibilities in a satisfactory manner.

9.     On June 23, 2016, Director of Nursing, Emily Horton, asked the plaintiff to change the color of her hair to her natural color or wear another wig as she (the plaintiff) was being "standoutish."  At the time of Ms. Horton's request, the plaintiff had been wearing her hair in this same manner and nobody had said anything to the plaintiff.

10.     The plaintiff asked what she needed to do as her natural hair color was that color and she could not change it due to a serious allergic reaction to the chemicals in hair dye.  The plaintiff was told to either cover it up, change it or be terminated.

11.     A Caucasian co-worker at the Transitional Care Unit had the same color of hair as the plaintiff (red) and she was not asked to change the color of her hair.

12.     On August 11, 2016, the plaintiff was sent home without pay for allegedly time and attendance issues.  The plaintiff contacted Christy Knowles, Human Resources, about her suspension.  However, the plaintiff did not receive a response.

13.     The plaintiff returned to work on August 22, 2016, and was terminated

3

for allegedly being absent five times from January through August 2016. However, the plaintiff denies this alleged reason for her termination.

14.     Amy Steltenpohl, Caucasian, missed far more days of work than the plaintiff did and was not terminated.

15.     The plaintiff has been discriminated against because of her race, African-American in discipline, suspension and termination.

16.     The reasons given for the plaintiff's discipline and subsequent termination were a pretext for race discrimination.

17.     The defendant has no legitimate non-discriminatory reason is for its conduct.

18.     Because of such conduct, plaintiff has suffered severe emotional distress, embarrassment and humiliation.

19.     The defendant's actions were wilful, with malice and with reckless disregard for plaintiff's rights.

20.     The plaintiff seeks to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**B.**    **RETALIATION**

21.    The plaintiff re-alleges and incorporates by reference paragraphs 1-20 with the same force and effect as if fully set out in specific detail hereinbelow.

22.    The plaintiff engaged in protected activity by complaining about said discriminatory treatment and contesting said discriminatory conduct.

23.    Similarly situated employees were not treated in the same manner as the plaintiff.

24.    The plaintiff was subjected to unequal treatment by the defendant in retaliation for opposing unlawfully employment practices in her discipline, suspension and termination.

25.    The defendant has no legitimate non-discriminatory reason is for its conduct.

26.    Because of such conduct, plaintiff has suffered severe emotional distress, embarrassment and humiliation.

27.    The defendant's actions were wilful, with malice and with reckless disregard for plaintiff's rights.

28.    The plaintiff seeks to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the

5

defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV.   **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

2.      Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981 through U.S.C. §1983.

3.      Enter an order requiring the defendant to make the plaintiff whole by awarding her the position she would have occupied prior to her racially retaliatory termination, back-pay (plus interest), front-pay, punitive damages, compensatory

damages, nominal damages, declaratory relief, injunctive relief, and benefits.

4.     The plaintiff further prays for such other relief and benefits as the cause

of justice may require, including but not limited to, an award of costs, attorney's fees

and expenses.

Respectfully submitted,

Gregory O. Wiggins
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

OF COUNSEL

DEFENDANT'S ADDRESS:
    Serve Via Certified Mail:
Coosa Valley Medical Center
209 W. Spring Street
Sylacauga, Alabama   35150